Blue Cross Blue Shield of Minnesota, as Administrator of the Blue Cross Blue Shield of Minnesota Pension Equity Plan; Supplemental Benefit Committee of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust, as Administrator of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust; Meijer, Inc., as Administrator of the Meijer OMP Pension Plan and Meijer Hourly Pension Plan, Participants in the Meijer Master Pension Trust; Nebraska Methodist Health System, Inc., on Behalf of Itself, and as Administrator of the Nebraska Methodist Hospital Foundation, the Nebraska Methodist Health System Retirement Account Plan, and the Jennie Edmundson Memorial Hospital Employee Retirement Plan; Administrative Committee of the Joint Hospitals Pension Board, as Administrator of the Twin City Hospitals Pension Plan for Licensed Practical Nurses; The Board of Trustees of the Chicago Area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52, as Administrator for the Chicago area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52; The Twin City Hospitals-Minnesota Nurses Association Pension Plan Committee, as Administrator of the Twin City Hospitals-Minnesota Nurses Association Pension Plan; The Board of Trustees of the Tuckpointers Local 52 Pension Trust Fund, as Administrator of the Tuckpointers Local 52 Pension Trust Fund

*Plaintiffs - Appellants*

CentraCare Health System, on Behalf of Itself and the Sisters of the Order of Saint Benedict Retirement Plan; Jerome Foundation; North Memorial Health Care, on Behalf of Itself and as Administrator of the North Memorial Health Care Pension Plan; The Order of Saint Benedict, as the St. John's University Endowment and the St. John's Abbey Endowment; The El Paso County Retirement Plan

*Plaintiff*s

v.

Wells Fargo Bank, N.A.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 22, 2015
Filed: March 22, 2016

_____

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellants ("ERISA Plaintiffs") are administrators of Employee Benefit Plans governed by Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., who entered into securities lending agreements with Wells Fargo Bank ("Wells Fargo"). ERISA Plaintiffs are seeking to reverse the district court's judgment that it was bound by collateral estoppel and thus required to find against ERISA Plaintiffs and in favor of Wells Fargo on their ERISA claims. Because the district court failed to consider whether the parties waived the application of collateral estoppel, we vacate and remand to the district court to determine whether waiver occurred.[1]

---

[1] ERISA Plaintiffs argue that the court should reverse based on ERISA preemption or a finding that there was no collateral estoppel. Because the court ruled under the erroneous determination that there could be no waiver, we need not reach these issues.

Appellate Case: 14-3457     Page: 2     Date Filed: 03/22/2016 Entry ID: 4380103

I.

ERISA Plaintiffs are a collection of administrators of Employee Benefit Plans who brought suit against Wells Fargo for ERISA claims arising from their participation in Wells Fargo's Securities Lending Program. ERISA Plaintiffs alleged that they suffered substantial losses as a result of Wells Fargo's improper and imprudent investment of their funds and asserted breach of fiduciary duty claims under ERISA. Other Plaintiffs brought state common law claims. ERISA Plaintiffs and common-law plaintiffs were represented by the same law firm.

Wells Fargo moved for all claims to be tried in a non-jury trial. Common-law plaintiffs objected and asserted their rights to a jury trial on their common-law claims, while ERISA plaintiffs did not object to Wells Fargo's motion for a bench trial. Plaintiffs proposed a trial plan which would "preserv[e] the rights of all Plaintiffs" and at the same time provide for "maximum efficiency." It stated:

> At the same time as the jury hears the non-ERISA claims, the Court would sit as the finder of fact for the ERISA fiduciary duty claims. For example, the testimony by experts and Wells Fargo employees will be relevant to the determination of liability by both the jury and the Court.
>
> Testimony that is specific to the ERISA Plaintiffs would not be heard by the jury. The only such evidence that Plaintiffs contemplate at this time is testimony of the ERISA Plaintiffs themselves, as well as stipulated evidence on damages.

The trial plan also provided that "[t]he Court could hear the testimony for [ERISA] Plaintiffs at the conclusion of the jury trial," and "[a]s the ERISA Plaintiffs will not be before the jury, these issues can be heard and resolved by the Court only, without interjecting the possibility of juror confusion and error." The ERISA and

-3-

Appellate Case: 14-3457    Page: 3    Date Filed: 03/22/2016 Entry ID: 4380103

common-law plaintiffs' claims would "be heard by the Court and the jury at the same time and on the same evidence." Parties agreed that Wells Fargo's fiduciary duties were "virtually identical for both ERISA and non-ERISA Plaintiffs, for purposes of this case."

The trial proceeded in accordance with the trial plan. The trial commenced on June 17, 2013 and concluded on August 8, 2013. After the common-law plaintiffs and Wells Fargo had rested their respective cases on claims brought by common-law plaintiffs, the jury deliberated on those claims at the same time that the ERISA Plaintiffs and Wells Fargo presented to the court evidence and witnesses specific to the ERISA claims. On August 8, 2013, while the bench trial for ERISA claims continued, the jury concluded its deliberations. On the jury's Special Verdict Form, it answered "Did Wells Fargo breach a fiduciary duty[?]" "No," for each individual common law plaintiff. The court continued to accept ERISA evidence and the bench trial continued to conclusion.

Following the trial, the parties simultaneously submitted Proposed Findings of Fact and Conclusions of Law with respect to the ERISA claims. In its submission, Wells Fargo asserted that collateral estoppel should apply and that based on the jury verdict, the court was bound to find that there was no breach of fiduciary duty. The district court requested additional briefing on the issue of collateral estoppel.

After reviewing the additional briefing, the district court issued its Findings of Fact, Conclusions of Law, and Order for Judgment. The court determined it was constrained by collateral estoppel to render judgment on ERISA Plaintiffs' claims consistent with the jury's determination and issued judgment, dismissing the ERISA Plaintiffs' ERISA claims with prejudice. ERISA Plaintiffs filed post-trial motions under Federal Rules of Civil Procedure Nos. 52 and 59 requesting that the district court amend its Findings of Fact and Conclusions of Law to find that the district court was not bound. ERISA Plaintiffs alternatively requested a new trial.

The district court subsequently issued a Memorandum and Order denying all post-trial motions and entered an Amended Findings of Fact, Conclusions of Law, and Order for Judgment, expressly predicating its constraint on collateral estoppel. The district court stated that:

> [T]he Court proceeded under the view and under the assumption that the parties had, in their trial plan, either stipulated away the preclusive effect of a jury verdict or, perhaps with the benefit of hindsight, did not contemplate the effect of the jury verdict one way or the other, nor did the Court inquire of counsel during the pretrial on this issue. However, on the unique facts of this case, the Court need not decide whether and under what circumstances the issues of preclusion can be waived. . . . Thus, given the presence of the issue of preclusion under the unique facts of this case, neither consent nor waiver can be appropriately invoked here where the court is bound by the decision of the jury, given the following unique circumstances: (1) the same law firm represented all plaintiffs; (2) there was practical privity between the ERISA and non-ERISA Plaintiffs; (3) the issues were in fact identical . . . .

ERISA Plaintiffs appeal, arguing that the district court erred in failing to find that Wells Fargo waived any right to assert that the district court was bound by the jury's findings. Appellee argues that waiver did not occur.[2] Because we find that the district court acted on an incorrect legal premise when it failed to consider whether waiver did in fact occur, we do not address the parties' other arguments.

---

[2] ERISA Plaintiffs also argue the court erred in finding that it was bound by collateral estoppel and in failing to determine that ERISA preemption prevented collateral estoppel. In response, Wells Fargo argues that collateral estoppel was properly applied and that any ERISA preemption was waived.

II.

"We review de novo the District Court's decision on questions of law." United States v. Brekke, 97 F.3d 1043, 1046-47 (8th Cir. 1996). However, the trial court's findings of fact must be affirmed unless clearly erroneous. Urban Hotel Dev. Co. v. President Dev. Group, L.C., 535 F.3d 874, 879 (8th Cir. 2008). A finding of fact will only be overturned if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if the appellate court is left with the definite and firm conviction that an error was made. Wright v. St. Vincent Health Sys., 730 F.3d 732, 737 (8th Cir. 2013).

The district court found that waiver of collateral estoppel was not possible because the jury's determination of a factual issue precluded the court from deciding that same factual issue in a different way. In making this determination, the court relied on Butler v. Pollard, in which the Tenth Circuit, based on the circumstances, found it did not need to determine whether issue preclusion could be waived. 800 F.2d 223, 225 (10th Cir. 1986). But in Butler, the court's determination was based on the deficiency of the claimed waiver, specifically, that the pretrial order did not actually purport to stipulate away the binding effect of the jury's determination. The district court below provided no such explanation. Id. Further, the authority Butler rests on, Heyman v. Kline, largely bases its holding on the idea that the waiver was insufficient because both parties would need to waive the jury verdict's binding effect. 465 F.2d 123, 131 (2d Cir. 1972). The district court here appears not to decline to decide "whether and under what circumstances the issue of preclusion can be waived" because of any deficiency of the proposed waiver, as none is identified, but rather because of the strength of factors supporting collateral estoppel.[3] Thus, if

---

[3]The district court writes, "[t]hus, given the presence of the issue of preclusion under the unique facts of this case, neither consent nor waiver can be appropriately invoked here where the Court is bound by the decisions of the jury, given the following unique circumstances: (1) the same law firm represented all plaintiffs; (2)

-6-

Appellate Case: 14-3457   Page: 6   Date Filed: 03/22/2016 Entry ID: 4380103

collateral estoppel can be waived in such a situation, the court erred in failing to consider whether the parties' behavior constituted waiver.

Generally, where one party brings legal and equitable claims, the jury's factual determination is binding on the court's equitable determination. See McIntosh v. Weinberger, 810 F.2d 1411, 1429 (8th Cir. 1987) (finding the jury's determination of "crucial" or "central fact" binding on the trial judge in order to protect litigants' Seventh Amendment rights) vacated on other grounds, Turner v. McIntosh, 487 U.S. 1212 (1988); Lincoln v. Bd. of Regents of Univ. Sys., 697 F.2d 928, 934 (11th Cir. 1983) ("When a party has the right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim."). But this does not mean that waiver is not possible. In Floyd v. Kellogg Sales Company, this court found that the parties in a retaliation claim had prospectively waived any ability to bind the court to the jury's verdict in a separately tried promissory estoppel claim. 841 F.2d 226, 230 (8th Cir. 1988).[4] Additionally, the circumstances of this case vary from available precedent describing the importance of consistent factual findings between the judge and jury in one trial; ERISA Plaintiffs are separate from common-law plaintiffs, ERISA Plaintiffs bring equitable claims,[5] and the trial plan stated that the judge

---

there was practical privity between the ERISA and non-ERISA Plaintiffs; (3) the issues were in fact identical. . . .")

[4] Floyd differs from this case in that the parties in Floyd more explicitly discussed in advance whether the court would be bound by the jury verdict. See Floyd, 841 F.2d at 230 n.4. The court reasoned waiver should be permitted because litigants are permitted to waive other important rights. Id. at 229-230 (citing to cases in which waiver of personal jurisdiction, jury trial, and directed verdict were permitted).

[5] One ERISA Plaintiff, Nebraska Methodist asserted common law claims on its own behalf and ERISA claims on behalf of the Jennie Edmundson Memorial Hospital Employee Retirement Plan, as its plan administrator. Because that Plaintiff invoked

-7-

would sit as finder of fact on ERISA Plaintiffs' breach of fiduciary duty claims. Thus, concerns which generally may require conformity between the findings of a judge and jury in a single plaintiff's or single group of plaintiffs' trial do not apply here to the same extent. Butler, 800 F.2d at 225 (citing judicial efficiency, inconsistent determinations, and the integrity of the Seventh Amendment as reasons for requiring consistency between judges' and juries' findings); Song v. Ives Lab, Inc., 957 F.2d 1041, 1048 (2d Cir. 1992) ("[W]hen legal and equitable actions are tried together, the right to a jury in the legal action encompasses the issues common to both.").[6] Under the circumstances of this case, the parties could have waived collateral estoppel.

The district court "proceeded under the view and under the assumption that the parties had, in their trial plan, either stipulated away the preclusive effect of a jury verdict, or perhaps with the benefit of hindsight, did not contemplate the effect of the jury verdict one way or the other." However, the court erroneously determined that waiver was not possible in such circumstances. Thus, the court failed to consider whether the parties' actions constituted waiver. Because waiver of collateral estoppel is possible under law, we remand to the district court to determine whether waiver did in fact occur.

---

its right to a jury, the court would generally be required to make a finding consistent with the jury's findings of fact. See McIntosh, 810 F.2d 1429; Lincoln, 697 F.2d at 934. However Wells Fargo provides no case holding that waiver is not possible under such circumstances. Thus, all ERISA Plaintiffs' claims are remanded.

[6]Significantly, while these cases describe the importance of consistency, they do not specifically address the possibility of waiver.

-8-

Appellate Case: 14-3457     Page: 8     Date Filed: 03/22/2016 Entry ID: 4380103

III.

Because the circumstances do not preclude the possibility of waiver, we remand to the district court, to determine whether the parties waived the application of collateral estoppel.

_____